**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| Great West Casualty Company,      ) | |
|                                                       )  **ORDER** | |
|                          Plaintiff,       ) | |
|                                                       )  Case No. 3:22-cv-20 | |
| vs.                                                    ) | |
| Robert P. Halvorson, James Curtis,      ) | |
| Bituminous Paving, Inc., and              ) | |
| Federated Mutual Insurance Company,  ) | |
|                              Defendants.   ) | |

Before the Court is Defendant Federated Mutual Insurance Company's ("Federated") motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (or alternatively, motion to stay). Doc. Nos. 24 and 26. Following Federated, Defendant Bituminous Paving, Inc. ("BPI") filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(3) for lack of subject matter jurisdiction. Doc. No. 29. Plaintiff Great West Casualty Company opposes both motions. Doc. No. 31. Defendant James Curtis also filed a response. Doc. No. 27. For the reasons below, Great West's claims are not ripe for judicial review, and Federated's and BPI's motions are granted.

**I.    BACKGROUND**

This dispute centers on the tort liability for a fatal auto accident and the related insurance coverage issues. Great West frames its case as a standard, declaratory judgment case, where it seeks to have this Court determine the parties' rights and obligations. Federated and BPI disagree, arguing the action is not a standard, declaratory judgment case at all; rather, what Great West seeks is a premature adjudication of a hypothetical and abstract dispute, as no underlying action alleging operative facts and legal claims has been filed or asserted. Said another way, Federated and BPI

argue that Great West's claims are not yet ripe for adjudication, and as a result, this Court lacks subject matter jurisdiction.

Turning to the factual background,[1] Defendant Robert P. Halvorson is an owner-operator of a dump truck. Id. ¶¶ 2, 8. For 17 years, Halvorson worked exclusively for BPI during construction season. Id. ¶¶ 2, 10. On October 15, 2021, Halvorson was working on a BPI asphalt street patching project in Cooperstown, North Dakota. Id. ¶¶ 9, 15, 18. While working, Halvorson backed up his dump truck, striking Melissa McMahon (a BPI employee) and killing her. Id. ¶ 23. At the time of the accident, BPI had a general liability policy through Federated.

Halvorson notified his automobile liability insurer Great West of the accident. Id. ¶¶ 1, 24. Great West agreed to provide Halvorson with a defense, subject to a reservation of rights. Id. ¶ 24. Curtis, McMahon's husband and a Minnesota resident, retained counsel, and on October 29, 2021, his counsel advised Great West in writing that Curtis was asserting a wrongful death claim against Halvorson. Id. ¶¶ 3, 25.

Realizing the possibility that Curtis may likely sue Halvorson, Great West filed this declaratory action, seeking a declaration of all the parties' rights. Id. ¶ 43. In its requested relief, Great West seeks several determinations, including that BPI was permissively using Halvorson's dump truck, that Halvorson was an employee of BPI, that Great West has no obligation to defend or indemnify Halvorson in relation to the accident, and most curiously, determine that Halvorson is "entitled to coverage . . . from liability insurance policies issued to BPI[.]" Doc. No. 13.

---

[1] The factual background, which the Court must accept as true for purposes of this motion, is taken from Great West's amended complaint. Doc. No. 13.

2

## II. LAW AND ANALYSIS

Federated moves to dismiss Great West's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). BPI makes similar arguments as to subject matter jurisdiction but moves under Federal Rules of Civil Procedure 12(c) and 12(h)(3). Procedural differences aside, Federated and BPI both argue that this Court lacks subject matter jurisdiction because Great West's coverage claims are not ripe and that Great West lacks standing to sue Federated and BPI.

### A. Federal Rule of Civil Procedure 12(b)(1) and Subject Matter Jurisdiction

A federal court "must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments" in each case. Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (quoting United States v. Morton, 467 U.S. 822, 828 (1984)). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. Because the facts are undisputed and the challenge is based on the complaint, the motions are facial attacks on jurisdiction. Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 (8th Cir. 2003).

Turning back to subject matter jurisdiction, to invoke subject matter jurisdiction in federal court, a plaintiff must have Article III standing. See Disability Support All. v. Heartwood Enterprises, LLC, 885 F.3d 543, 545 (8th Cir. 2018); Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1126 (8th Cir. 1998). "To establish Article III standing, plaintiffs must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury." Animal Legal Def. Fund v. Vaught, 8 F.4th 714, 718 (8th

3

Cir. 2021). An injury in fact is "the actual or imminent invasion of a concrete and particularized legal interest." Kuehl v. Sellner, 887 F.3d 845, 850 (8th Cir. 2018) (citations omitted).

The ripeness doctrine is rooted in both the "jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo., 401 F.3d 930, 932 (8th Cir. 2005) (internal citation omitted). The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). In determining whether a case is ripe for judicial review, the Court must evaluate: (1) the fitness of the issues for judicial determination, and (2) the hardship to the parties of withholding court consideration. KCCP Trust v. City of N. Kansas City, 432 F.3d 897, 899 (8th Cir. 2005) (citing Abbott Labs, 387 U.S. at 149).

"The 'fitness for judicial decision' inquiry goes to a court's ability to visit an issue." Neb. Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000). Whether a case is "fit" depends on whether it would benefit from further factual development. See Nat'l Right to Life Pol. Action Comm. v. Conner, 323 F.3d 684, 692-93 (8th Cir. 2003). The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities. See Neb. Pub. Power, 234 F.3d at 1038. The fitness for judicial decision prong generally "safeguards against judicial review of hypothetical or speculative disagreements." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 297 (1979).

As to the "hardship" inquiry, "[a]bstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (internal quotations and citations omitted). "The plaintiffs need not wait until the threatened injury occurs,

4

but the injury must be 'certainly impending.'" Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001) (internal citation omitted).

Under both inquires, Great West's claims are not ripe for review. While it is generally accepted and true that an insurer can sue an insured in a declaratory judgment action prior to resolution of (or even commence of) an underlying action (see Clarendon Nat'l. Ins. Co. v. United Fire & Cas. Co., 571 F.3d 749, 752 (8th Cir. 2009)), that is far from the posture of this case. Here, Great West sued its insured, Halvorson, but also Curtis, BPI, and Federated (all of whom have no contractual relationship with Great West), and specifically seeks declarations and determinations as to insurance coverage as to not only its policy with Halvorson, but also as to Federated's policy with BPI. But, because Curtis has not yet asserted any claims against any party, beyond stating he would be filing a wrongful death action, the relief Great West seeks is entirely speculative and contingent on future possibilities—namely, what legal claims Curtis may assert, and perhaps more importantly, based on what factual allegations.

Assessing and determining insurance coverage, whether in the context of a declaratory judgment action or in assessing a duty to defend, generally requires comparing the applicable policy language to the operative facts alleged in an underlying claim or complaint. Without the underlying claim and factual allegations, it is impossible to assess (or let alone determine) all of the parties' contractual obligations under the insurance policies likely at issue here. There is no question that the facts of the accident itself are known facts—but the operative claims and facts as they relate to determining liability and insurance policy coverage are not. Indeed, it is clear from the amended complaint that certain factual and legal determinations will be essential to resolving coverage issues here because, among other things, there are open questions as to whether Halvorson was an employee of BPI or an independent contractor and whether BPI was "using" the

dump truck owned and driven by Halvorson. Further, at a more basic level, there is the simple question of whether, if ever, Curtis asserts any claims or an action against Halvorson and/or BPI.

In that sense, Union Insurance Company v. Soleil Group, Inc., 465 F. Supp. 2d 567 (D.S.C. 2006) is instructive. In Soleil, several individuals contracted Legionnaire's disease in the insured's hotel swimming pool. Id. None of the individuals had filed a lawsuit against the insured, but the insurer anticipated those suits and sought a no coverage declaration under the applicable policy. Id. Ultimately, the court concluded there was an "absence of a justiciable controversy" and noted that "any attempt by this court to determine Plaintiff's duty without the benefit of an underlying complaint is impermissible[.]" Id. The same rationale is true here, though the posture of this case is even more attenuated than in Soleil. Without (at a minimum) the claims and factual allegations as to liability by Curtis against Halvorson and/or BPI, making the separate insurance policy coverage assessments and determinations is premature and speculative. Put simply, the declarations and determinations Great West seeks now, without an underlying claim or operative factual allegations, are too speculative and hypothetical, which makes Great West's claims unripe and not fit for judicial decision at this time.

As to the hardship inquiry, withholding court consideration will not result in hardship to the parties. Quite the opposite—withholding consideration, on these facts, is necessary to avoid causing hardship and prejudice to the parties and to avoid contradictory rulings on the claims, facts, and merits of any underlying action. Great West suggests that dismissal will cause it harm because Great West will be put in a position of either "negotiating and paying a claim, for which it might not be obligated to provide coverage; or denying coverage and potentially breaching its insurance contract." Doc. No. 31. The Court disagrees. That dilemma is the difficult, but often standard, risk assessment analysis and decisions insurance companies routinely face at this stage

6

of a case in assessing a duty to defend. Great West is simply too early, and until a claim and factual allegations are asserted, that temporary uncertainty cannot be remedied by preemptively seeking final and comprehensive coverage determinations and declarations, particularly as to Federated and BPI. At best, Great West could pursue a declaratory judgment action as to its own policy with Halvorson, though it is likely even that action would need to be stayed pending further factual development.

By seeking to declare the rights and obligations of <u>all</u> the parties now, without an underlying claim and operative facts, Great West essentially asks the Court to reach the merits of liability of still hypothetical claims in the guise of a declaratory judgment action. But the Court lacks the jurisdiction to do so because the claims are not ripe. <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"). Because the Court lacks subject matter jurisdiction over the claims in the amended complaint, Federated's motion to dismiss and BPI's motion for judgment on the pleadings are granted.[2]

### III.  CONCLUSION

Great West's claims are premature and are not ripe for judicial review. As a result, this Court lacks subject matter jurisdiction and dismissal without prejudice is appropriate. Accordingly, Federated's motion to dismiss (Doc. No. 24) is **GRANTED**, the motion to stay (Doc. No. 26) is

---

[2] Though unnecessary to reach for the purposes of this this order, the Court also agrees with Federated and BPI that Great West lacks standing to sue those entities in a declaratory judgment action. See <u>Alston v. ACE Am. Ins. Co.</u>, No. 1:20-cv-09, 2020 WL 8084324 (D.N.D. Dec. 30, 2020) (noting an insurance contract relates to the parties executing it). As noted above, Great West could only pursue a declaratory judgment action against its own insured, Halvorson, since Great West and Halvorson are the parties to the commercial automobile insurance policy.

**MOOT**, and BPI's motion for judgment on the pleadings (Doc. No. 28) is **GRANTED**. Great West's amended complaint (Doc. No. 13) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 30th day of November, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court